UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY L. WILLIAMS,

        Petitioner,

                                  CASE NO. 11-14801
v.                                HONORABLE SEAN F. COX

LLOYD RAPELJE,

        Respondent.
_____/

**ORDER TRANSFERRING PETITIONER'S MOTION UNDER
RULE 60(b)(4)** (docket no. 16) **TO THE COURT OF APPEALS
AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION**

This matter initially came before the Court on Petitioner Timothy L. Williams' *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenged Petitioner's convictions for carjacking and assault with intent to rob while armed. Petitioner alleged as grounds for relief that: (1) the evidence adduced at trial was insufficient; (2) that the jury's verdict was inconsistent; (3) that the victim's reference to a bullet fragment in his eye and the prosecutor's conduct deprived him of a fair trial; (4) that he was entitled to re-sentencing; and (5) that trial counsel was ineffective for failing to move to suppress Petitioner's statements to the police.

On June 10, 2014, the Court denied the habeas petition on the basis that the state appellate court's adjudication of Petitioner's claims was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable application of the facts. Petitioner appealed this Court's decision, but the Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of

appealability. *See Williams v. Bauman*, No. 14-1787 (6th Cir. Jan. 30, 2015) (unpublished).

Currently before the Court is Petitioner's motion for relief from judgment. The Court understands Petitioner to be claiming that the judgment in this case is void because: (1) the state trial court lacked jurisdiction to try and convict Petitioner, and this Court merely assumed that the state court had jurisdiction; and (2) the state district court violated Petitioner's rights under state and federal law by (a) ordering Petitioner to stand mute at his arraignment and (b) depriving Petitioner of his right to be represented by counsel at the arraignment.

## ANALYSIS

Petitioner brings his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), which permits a court to relieve an individual from a final judgment or order and to re-open the case if the judgment is void. The Court must decide whether Petitioner's motion is, in fact, an application for habeas corpus relief, because a claim presented in a second or successive habeas corpus application generally must be dismissed. *See* 28 U.S.C. § 2244(b).[1] And "before the district court may accept a

---

[1] Section 2244(b) reads:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3)." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

"[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* A Rule 60(b) motion contains one or more "claims" if the movant maintains that his habeas petition omitted a claim of constitutional error and he seeks leave to present that claim. *Id.* at 530-31. "[S]uch a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531. Stated differently,

> [a] habeas petitioner's filing that seeks vindication of . . . a "claim" is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [the Antiterrorism and Effective Death Penalty Act's] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).

*Id.* These principles apply to motions filed under Rule 60(b)(4). *See, e.g., United States v. Jones*, 550 F. App'x 667, 670 (10th Cir. 2013) (treating the defendant's motion under Rule 60(b)(4) and 60(d)(1) as a second-or-successive motion under 28 U.S.C. §

---

> Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

2255); *United States v. Washington*, 653 F.3d 1057, 1062-65 (9th Cir. 2011) (treating a Rule 60(b)(4) motion as a disguised second or successive motion to vacate sentence under 28 U.S.C. § 2255 and concluding that the district court lacked jurisdiction to consider the claims); *Blackmon v. Armontrout*, 61 F. App'x 985, 985-86 (8th Cir. 2003) (affirming the district court's dismissal of a state prisoner's motion under Rule 60(b)(4) as an unauthorized second or successive habeas petition).

Petitioner is seeking to raise new grounds for habeas relief that challenge the state court's jurisdiction and judgment of conviction. As such, his motion advances "claims" and qualifies as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532.

A petitioner who wishes to file a second or successive habeas corpus petition must ask "the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[2] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

2   Section 1631 states that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

4

Here, Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas petition, and this Court has no jurisdiction to consider his new claims without prior approval from the Court of Appeals.

## CONCLUSION & ORDER

The Court therefore orders the Clerk of the Court to transfer Petitioner's motion (docket no. 16) to the Court of Appeals for a determination of whether this Court may adjudicate his new claims.

**IT IS SO ORDERED.**


Dated:  September 15, 2016            s/ Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge


I hereby certify that on September 15, 2016, the document above was served on counsel of record via electronic means and upon Timothy L. Williams via First Class Mail at the address below:

TIMOTHY WILLIAMS 373703
ALGER MAXIMUM CORRECTIONAL FACILITY
N6141 INDUSTRIAL PARK DRIVE
MUNISING, MI 49862

                                      s/ J. McCoy
                                      Case Manager